

**IT IS ORDERED**

**Date Entered on Docket: August 3, 2018**

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

TRAVIS DALE WHITE,   Case No. 17-12219-tr13
                    Chapter 13
Debtor.

### DEFAULT ORDER GRANTING SECURED CREDITOR FINANCIAL SECURITY CREDIT UNION'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT AS TO ESTATE'S INTEREST IN VEHICLE

THIS MATTER comes before the Court upon *Secured Creditor Financial Security Credit Union's Motion for Relief from Automatic Stay and Abandonment as to Estate's Interest in Vehicle* (Doc. 47) (the "**Motion**"). The Court, having reviewed and considered the record and the Motion, and being sufficiently advised, hereby FINDS:

A.  On September 21, 2015, Movant served the Motion and notice of filing the Motion (the "**Notice**"), counsel of record for Debtor and the case trustee (the "**Trustee**") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Travis Dale White ("**Debtor**") by United States first class mail in accordance with Bankruptcy Rules 7004 and 9014;

B.	The Motion relates to a 2014 Nissan Versa VIN 3N1CN7AP1EL808910 (the "**Collateral**").

C.	The Notice specified an objection period of twenty-one (21) days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

D.	The Notice was sufficient in form and content;

E.	The objection deadline expired on July 27, 2018;

F.	As of the date of filing this Motion, neither the Debtor nor the Trustee, nor any other party in interest filed an objection to the Motion;

G.	The Motion is well taken and should be granted as provided herein; and

H.	By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on July 30, 2018, Jacqueline N. Ortiz searched the data banks of the Department of Defense of Manpower Data Center ("**DMDC**") and found that the DMDC does not possess any information indicating the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.	The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Collateral.

2.	The automatic stay is modified to permit the Movant, to the extent permitted by applicable nonbankruptcy law, to repossess the Collateral and otherwise enforce all its rights with regard to the Collateral, including any rights to sell the Vehicle by judicial or nonjudicial means and apply the proceeds therefrom to the obligation owed to the Movant by the Debtor, and doing whatever else may be necessary to preserve and conserve the Collateral. The automatic

stay is further modified to the same extent in favor of all other persons claiming a lien against the Collateral.

3. The Trustee is deemed to have abandoned the Collateral from the estate pursuant to 11 U.S.C. §554, and the Collateral no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Collateral and need not notify the Trustee of any sale of the Collateral.

The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Collateral in accordance with applicable non-bankruptcy law.

5. This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Collateral. Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Collateral.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

###END OF ORDER###

Submitted by:

ASKEW & MAZEL, LLC

By: *s/ Jacqueline N. Ortiz*
    Daniel A. White
    1122 Central Ave SW, Suite 1
    Albuquerque, NM 87102
    (505) 433.3097 (phone)
    (505) 717.1494 (fax)
    dwhite@askewmazelfirm.com
    jortiz@askewmazelfirm.com
*Attorneys for Movant*

Copies to:

Travis Dale White
1009 Hidalgo
Carlsbad, NM 88220
*Debtor*

Arun A. Melwani, Esq.
Melwani Law, P.C.
10749 Prospect NE, Ste. F
Albuquerque, NM 87112
*Attorney for Debtor*

Tiffany M. Cornejo
625 Silver Ave. SW, Ste. 350
Albuquerque, NM 87102
*Chapter 13 Trustee*

-4-